(55 South. 1.)

No. 18,558.

SHERWOOD v. GRAHAM et al.

(May 8, 1911.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER (§ 134*)—TITLE—INCUMBRANCES—MINOR'S MORTGAGE.

Title to real property which is burdened with a minors' mortgage is not free and unincumbered.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 250–254; Dec. Dig. § 134.*]

2. JUDGMENT (§ 707*) — RES JUDICATA — PERSONS BOUND.

A judgment canceling a minors' mortgage is without effect as to the minors, when the latter have not been made parties, through their legal representative, to the rule filed to cancel the mortgage recorded in their favor.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 707.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by William F. Sherwood against Henry Graham and others. Rule to compel acceptance of title. Judgment for plaintiff on rule, and Cora Chalin appeals. Reversed, and judgment rendered.

Martin H. Manion and Titche & Rogers, for appellant. N. E. Humphrey and Geo. Montgomery, for appellees.

On Rule to Compel Acceptance of Title.

SOMMERVILLE, J. Plaintiff and defendants join in a rule to compel Mrs. Cora Chalin, widow in community, and tutrix of her minor children, to accept title to three certain lots of ground, adjudicated to Henry Chalin, deceased. Defendant answers that the title tendered by movers is not one such as is required by law, for the reason that there is a general mortgage resting upon the property in favor of the minor children of Frank J. Graham. Other defenses were set up and abandoned.

The minors' mortgage referred to results from the recordation in the mortgage office of the parish of Orleans of an abstract of inventory, amounting to $30, in the succession of Frank J. Graham. There was other property belonging to the succession, viz., the three lots involved in the suit before us, which was not inventoried. It stood in the name of Mrs. Graham. It was afterwards, on the petition of the undertutor of the minors Graham, declared by judgment of court to belong to the widow Graham to the extent of one-half, and to the minors Graham

to the extent of one-half. This judgment does not appear to have been registered, and there has never been a title to this property outstanding in the name of the minors Graham, except the judgment of court. No supplemental inventory thereof was ever made or recorded, so that the only minors' mortgage which is recorded against the one-half interest of Mrs. Graham in the property is for one-half of $30, the amount of the first inventory.

Mrs. Graham mortgaged her one-half interest to Mr. T. B. Walker, the attorney of the succession of Frank J. Graham, who was aware of the existing general mortgage resting on the property for $15, and who was also fully aware of the judgment declaring one-half of the real property to belong to the minors. The mortgage note was not paid by Mrs. Graham; executory process issued; and the property was sold to Wm. F. Sherwood, who took title with the mortgage for $15 resting on the property. He appears to have refused to accept title, but, on being ruled into court, answered that he was willing to take the property, if the purchase price of the property was ordered deposited in the court. An order was issued to pay the money to the civil sheriff; the sheriff, February 18, 1910, was ordered to pay the mortgage creditor certain costs, and to deposit the balance in the registry of the court, which was done. The money was subsequently paid out, presumably to Mrs. Graham, owner, who was also tutrix. The recordation of the minors' mortgage was not canceled, and no attempt to cancel it was made. Mr. Sherwood acted entirely within his rights in accepting title to the property with the minors' mortgage resting thereon;

128 LA.—21

and he must accord the same privilege which he exercised to his vendee.

The widow and heirs of Henry Chalin allege the existence of the minors' mortgage, and decline to accept the title.

[2] The certificate of the recorder of mortgages, offered in evidence by movers in rule, shows that this minors' mortgage was canceled, in so far as these three lots are concerned, by order of court, dated February 18, 1910. Reference to the proceeding named shows that it was filed by Wm. F. Sherwood February 14, 1910, in suit No. 87,587, entitled "E. A. Saucier v. Pauline L. Graham." William F. Sherwood, plaintiff in rule, and the recorder of mortgages were the only parties thereto. The Graham minors were the real parties in interest, and they were not made parties, through their tutrix. The minors are not therefore bound by that judgment of cancellation.

[1] The title tendered defendants in rule is not entirely free and unincumbered. The conditions surrounding it are suggestive of future litigation. The minors may, in the future, seek to enforce their mortgage against the property. The existence of the mortgage, and not the amount thereof, is what operates against the title.

The judgment appealed from is reversed. The rule filed by plaintiff and defendants June 14, 1910, against the widow and heirs of Henry Chalin is dismissed, with costs; and let there be judgment declaring that Mrs. Cora Pursglove, widow of Henry Chalin, in her individual capacity and as tutrix of her minor children, is entitled to receive $305, deposited by Henry Chalin, now deceased, with the auctioneer at the time of the adjudication to him of the property described in the rule of movers.